# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 11-cv-02017-WJM
(Criminal Action No. 04-cr-00180-WJM)

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

GWEN BERGMAN,

    Defendant/Movant.

## ORDER ON GOVERNMENT'S MOTION TO RECONSIDER

This matter is before the Court on the United States of America's Motion to Reconsider Order Denying Motion to Strike or in the Alternative to Dismiss for Lack of Jurisdiction ("Motion to Reconsider"). (ECF No. 679.) Gwen Bergman has filed a Response to the Motion to Reconsider. (ECF No. 691.) Ms. Bergman has also filed a Motion to Strike the Motion to Reconsider (ECF No. 686), to which the Government has filed a Response (ECF No. 687). Finally, the Government has filed a Notice of Supplemental Authority (ECF No. 698), to which Ms. Bergman has filed a "Motion to Oppose Government's Notice of Supplemental Authority" (ECF No. 702).

The Motion to Reconsider, as well as the other aforementioned Motions, are fully briefed and ripe for adjudication. For the following reasons, the Government's Motion to Reconsider (ECF No. 679) is DENIED, Gwen Bergman's Motion to Strike (ECF No. 686) is DENIED AS MOOT, and Gwen Bergman's Motion to Oppose Government's Notice of Supplemental Authority is DENIED AS MOOT.

## II.  BACKGROUND

On August 3, 2011, Gwen Bergman filed her Motion to Vacate under 28 U.S.C. § 2255, in which she challenged, *inter alia*, her 2008 conviction for solicitation to commit murder and criminal conspiracy.  (ECF No. 643.)  Specifically, Ms. Bergman argued, *inter alia*, that she received ineffective assistance of counsel during the portion of the criminal proceedings in which she was represented by Howard O. Kieffer, a fraud who was not admitted to practice law in any state and had never received any formal legal training.  (*See id.*)  *See also United States v. Bergman*, 599 F.3d 1142, 1145-48 (10th Cir. 2010).

On November 2, 2011, Philip A. Cherner was appointed by the Court as counsel for Ms. Bergman.  (ECF No. 652.)  On November 4, 2011, the Government filed its Response to the § 2255 Motion.  (ECF No. 654.)  On December 19, 2011, Mr. Cherner, acting on Ms. Bergman's behalf, filed a Reply ("Cherner's Reply").  (ECF No. 672.)  On the same day, Ms. Bergman also filed a Reply on her own behalf.  (ECF No. 673.)[1]

On December 20, 2011, the Government filed a Motion to Strike or in the Alternative to Dismiss for Lack of Jurisdiction ("Motion to Strike").  (ECF No. 674.)  The Motion sought to strike from Cherner's Reply the argument that Ms. Bergman received ineffective assistance of counsel from Mr. Kieffer in the decision to waive Ms. Bergman's right to a jury trial (the "waiver of jury trial issue").[2]  In the Motion the

---

[1] The Court accepted both Reply briefs, and also allowed the Government to file a Sur-Reply brief.  (*See* ECF No. 675.)

[2] The decision to waive Ms. Bergman's right to jury trial is reflected in filings and proceedings in the days before trial and on the first day of trial.

2

Government argued, *inter alia*, that this was a new issue being raised for the first time in Cherner's Reply.

On December 21, 2011, the Court held a hearing on whether Mr. Cherner would continue to represent Ms. Bergman, and also therein orally denied the Government's Motion to Strike, holding that the waiver of jury trial issue was sufficiently raised in Ms. Bergman's original § 2255 Motion.[3]

The Court now turns to the Government's Motion to Reconsider this ruling.

## II. ANALYSIS

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (stating that a motion to reconsider "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence") (internal citations and quotation marks omitted).

The Government's Motion to Reconsider does not point to an intervening change in the controlling law, or to new evidence previously unavailable. Instead, the Government in essence argues that the Court clearly erred in ruling that the waiver of jury trial issue was sufficiently raised in Ms. Bergman's original § 2255 Motion.

The Motion to Reconsider first makes arguments, and cites to a number of

---

[3] In addition to the two passages from Ms. Bergman's § 2255 Motion that the Court cited as examples of how Ms. Bergman sufficiently raised the waiver of jury trial issue in the § 2255 Motion (*see* ECF No. 679-1, at 33 of 36), Ms. Bergman cites to a third good example in her Response to the Motion to Reconsider (*see* ECF No. 691, at 4.)

3

cases, involving the "relation back" doctrine and amendment of pleadings under Federal Rule of Civil Procedure 15.  Those cases, and the "relation back" doctrine, are inapplicable to the situation here, where Plaintiff has not filed, and has not sought to file, an amended pleading.  Instead, here, the challenged issue was sufficiently raised within the original § 2255 Motion, and was merely expanded upon in Cherner's Reply.

The Motion to Reconsider then proceeds to analogize this case to those where petitioners raise wholly conclusory allegations of ineffective of assistance of counsel in their original habeas petition, and then improperly raise for the first time in their reply briefs specific instances of alleged ineffective assistance.  Those cases are easily distinguishable from this case.  First, this case is unique in that no matter what actions Mr. Kieffer took in the criminal proceedings (*e.g.*, no matter how zealously he represented Ms. Bergman, no matter how persuasive he was before the court), his representation was *per se* ineffective.  *Bergman*, 599 F.3d at 1148.  That is to be distinguished from the cases cited by the Government, and typical habeas cases, where petitioners are required to explain precisely how counsel was ineffective.  Second, given this crucial distinction, Ms. Bergman sufficiently raised the waiver of jury trial issue in her § 2255 Motion by making more generalized arguments that Mr. Kieffer's representation was ineffective during the time in which he represented Ms. Bergman.  And third, the Government was in no way prejudiced because it was allowed to file a Sur-Reply brief on the merits in which it could address the waiver of jury trial issue.

The Government's Motion to Reconsider is denied.  This ruling effectively moots the arguments raised in Ms. Bergman's pending Motion to Strike the Motion to Reconsider (ECF No. 686), and her Motion to Oppose Government's Notice of

4

Supplemental Authority (ECF No. 702).

## IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

(1)  The United States of America's Motion to Reconsider Order Denying Motion to Strike or in the Alternative to Dismiss for Lack of Jurisdiction (ECF No. 679) is DENIED;

(2)  Gwen Bergman's Motion to Strike Government's Motion to Reconsider (ECF No. 686) is DENIED AS MOOT; and

(3)  Gwen Bergman's Motion to Oppose Government's Notice of Supplemental Authority" (ECF No. 702) is DENIED AS MOOT.

Dated this 4th day of April, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge