IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02017-WJM
(Criminal Action No. 04-cr-00180-WJM)

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

GWEN BERGMAN,

    Defendant/Movant.

---

# ORDER

---

This matter is before the Court on: **(1)** Martha H. Eskesen's Motion of Non-Party Attorney to Quash Subpoena (ECF No. 704), to which Gwen Bergman has filed a Response (ECF No. 723); **(2)** Ms. Bergman's Motion for Issuance of Subpoenas *In Forma Pauperis* (ECF No. 710), to which the Government has filed a Response (ECF No. 714), and Ms. Bergman has filed a Reply (ECF No. 724); and **(3)** Ms. Bergman's Motion for Attachment (ECF No. 696). The Motions are ripe for adjudication.

## I. ANALYSIS

### A. Forfeiture Claim and Ms. Bergman's Motion for Attachment

The Court begins by discussing Gwen Bergman's third claim in her 28 U.S.C. § 2255 Motion, in which she challenges certain forfeiture proceedings in the underlying criminal proceedings (the "forfeiture claim"). (*See* ECF No. 643, at 14-16, 18.)

For purposes of background, Ms. Bergman's criminal case arose out of the allegation that Ms. Bergman paid $30,000 to an undercover law enforcement agent

posing as a "hit man" to murder her ex-husband.  *See United States v. Bergman*, 599 F.3d 1142, 1145 (10th Cir. 2010).  The Government charged Ms. Bergman with solicitation to commit murder (count 1), criminal conspiracy (count 2), and forfeiture of the $30,000 (count 3).  (ECF No. 271.)  In May 2008, Ms. Bergman was found guilty on counts 1 and 2.  (ECF No. 344.)  In December 2008, shortly before her sentencing, Ms. Bergman reached an agreement with the Government whereby, rather than forfeiting the $30,000, the $30,000 would be held in a trust for the education of Ms. Bergman's son.  (ECF No. 438, Ex. 2.)  Pursuant to that settlement, the Government dismissed the forfeiture count.  (ECF No. 438.)  Ms. Bergman was soon thereafter sentenced on counts 1 and 2 to 108 months imprisonment and 3 years of supervised release.  (ECF No. 442.)

In this action brought under 28 U.S.C. § 2255, Ms. Bergman's third claim alleges, *inter alia*, that Howard O. Kieffer[1] provided ineffective assistance of counsel to her at an October 2007 forfeiture hearing, and that "her forfeiture money was taken under duress and fraudulently placed in an Aspen account with false information, identity theft and money laundering conspiracy." (*See* ECF No. 643, at 14-16, 18.)  A later filing in this action suggests that Ms. Bergman believes that Mr. Kieffer conspired with Mr. Hurst in attempt to get access to the $30,000 for his own personal use.  (*See* ECF No. 723, at 4-5.)  Ms. Bergman also alleges that she signed the settlement agreement regarding

---

[1] Howard O. Kieffer, who was Ms. Bergman's attorney of record during her criminal trial (among other trial related proceedings), was a fraud who was not licensed to practice law and had never received any formal legal training.  *See Bergman*, 599 F.3d at 1145-48.  The Tenth Circuit has held that Mr. Kieffer's representation was *per se* ineffective, *see id.* at 1148, but has remanded to this Court to further develop the record regarding the extent of involvement of E.J. Hurst – a licensed attorney – in assisting Mr. Kieffer with the representation, *see id.* at 1149-50.

2

disposition of the $30,000 under duress. (*See, e.g.*, ECF No. 696.) Her § 2255 Motion clearly seeks as an ultimate goal the return of the $30,000. (ECF No. 643, at 18; ECF No. 645, at 1-2.)

28 U.S.C. § 2255, under which Ms. Bergman moves to vacate her sentence in this action, provides,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Two Tenth Circuit decisions indicate that a claim seeking the return of forfeited property is not cognizable under 28 U.S.C. § 2255. *See United States v. Simpson*, 32 F. App'x 507, 509 (10th Cir. 2002) (stating that "a petition for remission of forfeited property . . . does not relate to guilt, innocence, or sentencing and therefore is irrelevant to [a] § 2255 motion"); *United States v. Murphy*, No. 97-2191, 1997 WL 796486, at *1 (10th Cir. Dec. 31, 1997) (unpublished) ("[T]he district court did not have jurisdiction [under 28 U.S.C. § 2255] to hear a challenge of the forfeiture proceedings."). Two other Tenth Circuit decisions have come to the same conclusion in a very similar context. *See United States v. Satterfield*, 218 F. App'x 794, 796 (10th Cir. 2007) (stating that the defendant "cannot challenge the amount of restitution awarded by way of a § 2255 motion . . . because he is not claiming the right to be released from custody based on his claim") (quotation marks omitted); *United States v. Papa*, 97 F. App'x 848, 851 (10th Cir. 2004) (same). Further, this Court's research indicates that other federal courts of

3

appeals that have specifically addressed the issue have held the same. *See United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) (holding that the defendant's "forfeiture claim is not a cognizable § 2255 claim, because it does not seek release from custody," and holding that such a claim is not cognizable even if brought within a § 2255 motion containing other cognizable claims); *Anderson v. United States*, No. 96-4025, 2000 WL 380081, at *1 (7th Cir. Apr. 12, 2000) (unpublished) (same); *Anders v. United States*, No. 97-6397, 1998 WL 537568, at *1 (6th Cir. Aug. 7, 1998) (unpublished) (same); *Rodriguez v. United States*, No. 95-2322, 1997 WL 770636, at *1 (1st Cir. 1997) (unpublished) (same); *United States v. Banguera*, No. 93-2710, 1995 WL 449891, at *1 (5th Cir. June 30, 1995) (unpublished) (same).

Ms. Bergman's forfeiture claim challenges certain forfeiture proceedings and ultimately seeks the return of the $30,000. This claim is not challenging her "custody" but is instead seeking a return of property. Therefore, it is not cognizable under § 2255. *See Finze*, 428 F. App'x at 677; *see also Satterfield*, 218 F. App'x at 796.

Ms. Bergman argues, *inter alia*, that the forfeiture was part of her sentence, so if her conviction is vacated in this action the forfeiture money must necessarily be returned. (*See* ECF No. 673, at 13-15.) The case law cited above indicates that Ms. Bergman's argument lacks merit. Further, Ms. Bergman's relinquishment of the $30,000 was not a part of her sentence; there was no criminal forfeiture. Instead, Ms. Bergman entered into an agreement to place the $30,000 in trust for her son's education, and in return the Government dismissed the forfeiture count prior to sentencing. Ms. Bergman's conviction (ECF No. 344) and sentence (ECF No. 442) were only on counts 1 and 2, not on the forfeiture count.

It is clear that Ms. Bergman cannot raise the forfeiture claim in this proceeding. Ms. Bergman's third claim in her § 2255 Motion regarding forfeiture will therefore be dismissed with prejudice.

The Court turns to addressing Ms. Bergman's pending "Motion for Attachment," in which she seeks to submit additional evidence to the Court in support of her forfeiture claim. Because Ms. Bergman's forfeiture claim is not cognizable in this action and is being dismissed with prejudice, the evidence Ms. Bergman seeks to submit with her "Motion for Attachment" is irrelevant to these proceedings. Therefore, Ms. Bergman's Motion for Attachment will be denied as moot.

**B.     Martha Eskesen's Motion to Quash**

Attorney Martha Eskesen, who represented Ms. Bergman during two different periods in the underlying criminal proceedings, has moved to quash a subpoena served on her requiring her appearance at the evidentiary hearing on May 7 and 8, 2012. (ECF No. 704). In the Motion to Quash, Ms. Eskesen argues, *inter alia*, that, given the subject matter of the evidentiary hearing scheduled in this case (regarding Mr. Hurst's involvement in assisting Mr. Kieffer's representation of Ms. Bergman), Ms. Eskesen does not have any relevant testimony to provide.

In response, Ms. Bergman argues, *inter alia*, that Ms. Eskesen's testimony would be material and relevant because Ms. Eskesen represented Ms. Bergman soon before Mr. Kieffer began representing Ms. Bergman in 2007, and Ms. Eskesen again began representing Ms. Bergman in 2008 directly after Mr. Hurst's representation ended and shortly after Mr. Kieffer's representation ended. (ECF No. 723.) Ms. Bergman argues generally that Ms. Eskesen obtained relevant information from Kieffer and Hurst during

5

those transitionary periods.  (*Id.*)

There is insufficient indication in the record that Martha Eskesen could provide any relevant testimony at the upcoming evidentiary hearing.  As indicated by the Court, "[t]he scope of the hearing will be that discussed by the Tenth Circuit in *United States v. Bergman*, 599 F.3d 1142, 1149-50 (10th Cir. 2010):  'the extent of [E.J.] Hurst's representation of [Gwen] Bergman' at trial and any trial-related proceedings in which Howard O. Kieffer (also) represented Ms. Bergman."  (ECF No. 693.)  Notably, the record does not indicate that Ms. Eskesen ever served as co-counsel in the underlying criminal proceedings with Mr. Kieffer or Mr. Hurst.  Thus, there is no indication that Ms. Eskesen has any knowledge regarding the extent of Mr. Hurst's involvement during the time that Mr. Kieffer was representing Ms. Bergman.  Ms. Bergman's suggestion that Ms. Eskesen may have learned of relevant information because she represented Ms. Bergman so close in time to Mr. Kieffer and Mr. Hurst is unsupported in the record.

Further, to the extent Ms. Bergman is seeking to bring a claim in this action alleging that she received ineffective assistance of counsel from Ms. Eskesen herself during any underlying criminal proceedings, such allegedly ineffective representation by Ms. Eskesen is not the subject of the evidentiary hearing being held by this Court on May 7 and 8, 2012.

The Court will grant Ms. Eskesen's Motion to Quash.  Ms. Eskesen will not be required to appear at the evidentiary hearing before this Court scheduled for May 7 and 8, 2012.

**C.     Ms. Bergman's Motion for Issuance of Subpoenas**

Ms. Bergman's pending Motion for Issuance of Subpoenas asks the Court to

6

issue subpoenas to three individuals, and provides one-sentence explanations for why each individual's testimony is necessary:

> 1.  Agent Todd Wilcox, Federal Bureau of Investigations-Denver . . . . Agent Wilcox will testify to being the case agent here and in the Kieffer prosecutions.
> 2.  Stephen Bergman . . . . Mr. Bergman will testify to the facts surrounding Mr. Kieffer's retainer and Mr. Hurst not being retained by him or the defendant.
> 3.  James Russell, U.S. Attorney's Office-Denver . . . . Mr. Russell will testify to facts surrounding the forfeiture proceedings.

(ECF No. 710, at 3.)

### 1. Todd Wilcox and James Russell

The Government opposes the issuance of subpoenas to Mr. Wilcox and Mr. Russell on numerous grounds, including lack of relevance. (ECF No. 714.) In her Reply brief, Ms. Bergman argues, *inter alia*, that both Mr. Wilcox and Mr. Russell were present at certain trial-related proceedings and thus can testify as to Mr. Kieffer's and/or Mr. Hurst's involvement in those proceedings.

The Court denies Ms. Bergman's Motion for Issuance of Subpoenas as to Mr. Wilcox and Mr. Russell. These individuals' mere presence in the courtroom during certain trial-related proceedings would not provide helpful or insightful testimony for the Court because the Court can review transcripts of those proceedings (which is a more reliable source of evidence than individuals' memories about those proceedings). Also, neither those individuals' presence in the courtroom, nor the roles that those individuals played in the underlying criminal action, suggest that they would have information relevant to the precise issue that the Tenth Circuit identified as requiring further evidence: "the extent of [Mr. Hurst's] activities outside the courtroom." *Bergman*, 599

7

F.3d at 1150. Further, the contention that Mr. Russell has information relevant to the forfeiture proceedings is not persuasive because the Court is dismissing the forfeiture claim.

## 2. Stephen Bergman

The Government does not take a position as to the issuance of a subpoena to Stephen Bergman. However, Ms. Bergman's Motion does not sufficiently indicate how Stephen Bergman might provide relevant testimony. The facts surrounding Mr. Kieffer's retainer and the fact that Ms. Bergman never retained Mr. Hurst is not sufficiently relevant to the question of the extent of Mr. Hurst's involvement in assisting Mr. Kieffer with Ms. Bergman's representation. Absent some further showing from Ms. Bergman regarding how Stephen Bergman might provide relevant and material testimony, the Court will not order Stephen Bergman's attendance at the hearing. *United States v. Hernandez-Urista*, 9 F.3d 82, 83-84 (10th Cir. 1993).[2]

## II. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. On the Court's own motion, Gwen Bergman's third claim in her 28 U.S.C. § 2255 Motion, challenging underlying forfeiture proceedings and seeking the return of the forfeited $30,000, is hereby DISMISSED WITH PREJUDICE;

2. Gwen Bergman's Motion for Attachment (ECF No. 696) is DENIED AS MOOT;

3. Martha H. Eskesen's Motion of Non-Party Attorney to Quash Subpoena (ECF No. 704) is GRANTED; and

---

[2] Of course, if Stephen Bergman chooses to voluntarily appear at the evidentiary hearing and Ms. Bergman wants to call him as a witness, she may do so.

4. Gwen Bergman's Motion for Issuance of Subpoenas *In Forma Pauperis* (ECF No. 710) is DENIED.

Dated this 19th day of April, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge