IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02017-WJM
(Criminal Action No. 04-cr-00180-WJM)

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

GWEN BERGMAN,

    Defendant/Movant.

## ORDER REGARDING EVIDENTIARY HEARING

This matter is before the Court *sua sponte*. In this Court's Order setting the evidentiary hearing in this case for May 7 and 8, 2012, the Court explained,

> As the moving party, Ms. Bergman, who will appear in person, will have the opportunity to question any witnesses she calls to the stand . . . . The Government will have an opportunity to cross-examine those witnesses, and Ms. Bergman will be given an opportunity for re-direct (if necessary). At the close of Ms. Bergman's evidence, the Government will have an opportunity to call its witnesses (if there are any additional witnesses to call). The Court may also question any of the witnesses called. Both parties will also be given an opportunity for opening and closing statements. The parties are referred to and must strictly and timely comply with this Court's Revised Practice Standards with regard to items due in advance of the hearing, including witness lists, exhibit lists and binders with labeled exhibits.

(ECF No. 693.) The Court now issues this Order to provide further explanation and guidance to the parties and counsel regarding the upcoming evidentiary hearing.

First, in terms of the witnesses Ms. Bergman plans to call, the Court anticipates that Ms. Bergman herself may testify. If Ms. Bergman plans to testify, she must do so in

response to questioning from her stand-by counsel Philip Cherner. After Mr. Cherner is done with his questioning, the Government will have an opportunity to cross-examine Ms. Bergman, and Mr. Cherner will have an opportunity for re-direct (if applicable). The Court may also have some questions to ask Ms. Bergman after counsel have concluded their examinations.

Second, in terms of Ms. Bergman's questioning of other witnesses, Ms. Bergman is proceeding *pro se* and therefore, of course, may conduct such questioning herself. However, the Court will allow (and indeed encourages) Ms. Bergman to utilize her stand-by counsel Philip Cherner to conduct such questioning. In addition, Ms. Bergman may choose to utilize Mr. Cherner to question certain witnesses, while choosing to question the remaining witnesses herself. However, the Court discourages Ms. Bergman from attempting to conduct her own examination of a witness after Mr. Cherner has already questioned the same witness (or vice-versa). The Court is unlikely to allow such dual questioning, except possibly in certain limited circumstances.

Third, the Court will require the sequestration of witnesses throughout the evidentiary hearing (no witness will be allowed to listen to another witness's testimony). Of course, Ms. Bergman herself may be a witness in the case but will not be sequestered during the testimony of other witnesses.

Fourth, the Court encourages Ms. Bergman to invest significant time (hopefully with Mr. Cherner's involvement) in preparation for the evidentiary hearing generally and the questioning of witnesses specifically. The Court encourages the same of the Government. Given the demands on this Court from the hundreds of other cases on the Court's docket, as well as the limited number of necessary witnesses for the evidentiary

hearing at issue, the Court has a limited amount of time to devote to this hearing. Thus, the Court has scheduled May 7, 2012 for the evidentiary hearing, and has also scheduled May 8, 2012 only based on the possibility that one day for the hearing may not be enough. This limited time frame for the evidentiary hearing calls for significant preparation by the parties in advance of the hearing (for example, to prevent "endless" questioning of witnesses).

Fifth, this Court will have considerable discretion at the evidentiary hearing in terms of allowing testimony for the Court's consideration.[1] Therefore, the Court instructs Ms. Bergman, Mr. Cherner, and the Assistant United States Attorney(s) involved not to object to questioning except in clear cases of impermissible questioning. Following the evidentiary hearing, the Court will engage in a careful and thorough review of the transcript of the hearing, among other things, and will be able to make its own determinations regarding what testimony will be deemed admissible, the weight to give any particular testimony, etc.

Sixth, the Court will limit each side's opening statement to 15 minutes, and will likewise limit each side's closing statement to 15 minutes.

And finally, on or before May 4, 2012, Ms. Bergman and the Government must

---

[1] *See, e.g.*, 1-21 Federal Habeas Corpus Practice & Procedure § 21.2 ("[T]he habeas corpus hearing should proceed much like federal bench trials and other evidentiary proceedings tried to a judge alone. . . . The discretion generally afforded judges in making evidentiary rulings is widened in habeas corpus cases both by the nonjury nature of the proceeding and by Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, which allows introduction into the record of materials that would be excludable on hearsay and other evidentiary grounds in most federal trial contexts."); 39A C.J.S. Habeas Corpus § 356 ("A plenary, evidentiary hearing [in a habeas proceeding] is a trial-type proceeding, to be conducted in the atmosphere of search for truth with the fair-minded assistance of responding government officers, rather than a strictly adversary proceeding.").

each file a witness list, exhibit list, and a binder containing labeled exhibits (if any). These filings shall comply with WJM Revised Practice Standards IV.B.4.a and IV.B.4.b. The parties and/or their counsel are DIRECTED to confer, on or before May 3, 2012, in order to stipulate to the maximum extent possible to the authenticity and admissibility of each other's proposed hearing exhibits.

    SO ORDERED.

    Dated this 20th day of April, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge