IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 11-cv-02017-WJM
(Criminal Action No. 04-cr-00180-WJM)

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

GWEN BERGMAN,

    Defendant/Movant.

## ORDER DENYING GOVERNMENT'S MOTION TO SET

On June 8, 2012, this Court issued an Order holding that Gwen Bergman's Sixth Amendment right to the effective assistance of counsel was violated at her May 2008 criminal trial, granting Ms. Bergman's 28 U.S.C. § 2255 Motion, and vacating and setting aside the amended judgment in Ms. Bergman's criminal case. (ECF No. 741.) Under the circumstances, where Ms. Bergman had already completed her prison sentence on her conviction and served a (small) portion of her term of supervised release, the Court determined that the appropriate relief was to discharge Ms. Bergman from her remaining term of supervised release. (*Id.* at 17-18.)

This matter is before Court on the Government's Motion to Set, in which the Government requests that the Court reset this matter for trial, arguing that "the matter in 04-cr-00180-WJM is still pending." (ECF No. 745.) In its Reply brief on the Motion to Set, the Government explains its position in more detail:

> The government believes that while the civil case may be closed in this matter, the status of 04-cr-180 is that charges of murder-for-hire and conspiracy to commit murder for hire pursuant to 18 U.S.C. § 1958 are still pending against this defendant. Since conviction on those counts has been vacated, the indicted charges still need to be resolved. Based upon the Court's opinion and findings with respect to [2]8 U.S.C. § 2255, the granting of a new trial, whether the defendant sought such relief or not, is indeed appropriate. . . . The government is unaware of any law, rule, case, or statute which would bar retrial in this matter. . . . Under these circumstances, the government believes there is a substantial interest in seeking a conviction of Ms. Bergman for a felony offense, in which case she would not be legally entitled to possess firearms, and to provide supervision for Ms. Bergman for as long a period of time as is possible to ensure no repetition of the situation which led to the charges in this indictment.

(ECF No. 758, at 1-3.) Ms. Bergman has filed a Response and a Sur-Reply brief on the Motion to Set. (ECF No. 753, 770.)

On June 29, 2012, the Court issued an Order setting a hearing on the Motion to Set. (ECF No. 760.) In that Order, the Court stated that it would construe the Motion to Set as "a motion to reconsider [its June 8, 2012 Order] on the ground that the Court in this Order did not set a new trial." (*Id.* at 1.) The Court held a hearing on the Motion on July 19, 2012. (ECF No. 772.)

The Motion to Set is ripe for adjudication. For the following reasons, the Government's Motion to Set is DENIED.

## I. ANALYSIS

28 U.S.C. § 2255(b) provides,

> If the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside **and** shall discharge the prisoner **or** resentence him **or** grant a new trial **or** correct the sentence as may appear appropriate.

(emphasis added). In this action, the Court determined that Ms. Bergman's 28 U.S.C. § 2255 Motion should be granted because of the denial of her constitutional rights at trial. The Court then proceeded to determine the appropriate relief. In accordance with 28 U.S.C. § 2255(b), the Court vacated and set aside the judgment. Pursuant to the statute, the Court was also faced with determining which of the following other relief "appear[ed]" the most "appropriate": whether the Court should "discharge" Ms. Bergman, or "resentence" her, or "grant a new trial," or "correct the sentence." *Id.*

This Court is afforded "broad and flexible" power to fashion appropriate relief upon the grant of a motion under 28 U.S.C. § 2255. *See United States v. Lewis*, 138 F.3d 840, 842 (10th Cir. 1998) (stating that section 2255 confers on the district court a "broad and flexible remedial power"); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) (noting "the broad leeway traditionally afforded district courts in the exercise of their § 2255 authority"); *United States v. Gordils*, 117 F.3d 99, 103 (2d Cir. 1997) ("§ 2255 gives a district court broad and flexible remedial authority"); *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) ("The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy.").

Pursuant to that broad and flexible power, the Court has determined that the appropriate course in this case is to "vacate and set the judgment aside" and "discharge" Ms. Bergman from custody. *See* 28 U.S.C. § 2255. In choosing to discharge Ms. Bergman, the Court has implicitly, and now explicitly, declined to "grant a new trial." *Id.* (describing alternative form of relief to discharge); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("For a federal prisoner § 2255 can perform the full service of habeas corpus, by effecting the immediate and unconditional discharge of

3

the prisoner.").

In *Robinson v. United States*, 744 F. Supp. 2d 684 (E.D. Mich. 2010), the court chartered a similar course. In that case, the defendant had been convicted of being a felon in possession of ammunition, and was sentenced to seventy seven months of imprisonment to be followed by two years of supervised release. *Id.* at 686. The defendant filed a motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel at his criminal trial. *Id.* The court determined that the defendant had indeed received ineffective assistance of counsel at trial, and granted the § 2255 motion. *Id.* at 689-95. Ruling more than five years after the original conviction, the court then proceeded to determine an appropriate remedy. *See id.* at 697. The court first noted the broad remedial power it had under 28 U.S.C. § 2255, and then stated,

> The Court first notes that [the defendant] has already served almost his entire prison sentence after having been convicted following a jury trial where he was not afforded his Sixth Amendment right to the effective assistance of counsel. Therefore, the principles of justice and equity lead the Court to conclude that [the defendant] is entitled to relief under 28 U.S.C. § 2255 and (1) vacates and sets aside his conviction and sentence and (2) immediately and unconditionally discharges him from federal custody.

*Id.* Unlike in *Robinson*, where the court found it appropriate to discharge the defendant both from his remaining term of imprisonment and from his term of supervised relief, because Ms. Bergman has already served her custodial sentence in full, in this case the Court is only discharging Ms. Bergman from her remaining term of supervised release.

The Government argues that, despite the Court's grant of Ms. Bergman's § 2255 Motion in Civil Action No. 11-cv-02017, Ms. Bergman's criminal case – Criminal Action No. 04-cr-00180 – remains pending. Given the relief the Court has fashioned under 28

4

U.S.C. § 2255, the Court disagrees. Ms. Bergman's Motion under 28 U.S.C. § 2255 was a further step in her criminal proceedings, not a separate civil action. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, advisory committee notes to Rule 1 (stating that the remedies allowed under 28 U.S.C. § 2255(b) are "possible because a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action . . . ."); *Nogueira v. Unites States*, 683 F.2d 576, 580 (1st Cir. 1982) ("A collateral attack on a conviction by means of a petition for habeas corpus is a civil case. But a case like this one, under 28 U.S.C. § 2255, has a rather different nature. . . . [P]rocedurally it is a further step in the movant's criminal case.") (citations and quotation marks omitted); *United States v. Bazemore*, 929 F. Supp. 1567, 1568-69 (S.D. Ga. 1996) ("In contrast to a § 2254 proceeding, a § 2255 motion is just that: a motion in a pre-existing criminal case, not a new, civil action.") The mere fact that the Clerk's office in this District dockets 28 U.S.C. § 2255 actions as civil actions in no way changes the fact that the Court's remedial power under 28 U.S.C. § 2255 applies to the underlying criminal action. *See Douglas v. United States*, 245 F. Supp. 2d 46, 47 (D.D.C. 2003) ("Despite the civil designation the Clerk of the Court may assign to § 2255 motions for record-keeping purposes, a criminal defendant's § 2255 motion is a further step in his criminal case."); Rules Governing Section 2255 Proceedings for the United States District Courts, advisory committee notes to Rule 1 ("[T]he [§ 2255] motion remedy is in the criminal proceeding . . . .").

In granting Ms. Bergman's § 2255 Motion and exercising its broad discretion in fashioning the appropriate remedy, the Court has determined that it is appropriate that Ms. Bergman be discharged from her term of supervised release, that her criminal case

5

remain closed, and that the Government be barred from retrying her in that action.

## II.  CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1) The Government's Motion to Set (ECF No. 745), which the Court construes as a motion to reconsider the Court's June 8, 2012 Order, is DENIED;

(2) Gwen Bergman's Motion to Reinstate Counsel (ECF No. 754) is DENIED AS MOOT;

(3) Gwen Bergman's *Ex Parte* Motion for Investigative Services (ECF No. 748) is DENIED AS MOOT; and

(4) Both of the above-captioned actions – Criminal Action No. 04-cr-00180-WJM and Civil Action No. 11-cv-02017-WJM – shall remain closed.

Dated this 22nd day of August, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge